# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| JOSE V.,[1] | ) | |
|  | ) | |
| Plaintiff, | ) | |
|  | ) | No. 25 C 8467 |
| v. | ) | |
|  | ) | Magistrate Judge |
| FRANK BISIGNANO, | ) | Daniel P. McLaughlin |
| Commissioner of Social Security, | ) | |
|  | ) | |
| Defendant. | ) | |
|  | ) | |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Jose V.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse the Commissioner's decision [17] is granted in part, and the Commissioner's cross-motion for summary judgment [22] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

## BACKGROUND

### I.    PROCEDURAL HISTORY

On August 11, 2022, Plaintiff filed a claim for DIB, alleging disability since July 25, 2022. The claim was denied initially and upon reconsideration, after which Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on April 17, 2024. Plaintiff personally appeared and testified at the hearing (with the assistance of a Spanish interpreter) and was represented by counsel. A vocational expert ("VE") also testified.

On June 25, 2024, the ALJ denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II.    ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of July 25, 2022. At step two, the ALJ concluded that Plaintiff had the following severe impairments: irritable bowel syndrome; diverticulum of small intestine, status post abdominal surgery; generalized anxiety disorder; and persistent depressive disorder. The ALJ

2

concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following additional limitations: can occasionally climb ladders, ropes, scaffolds, ramps, and stairs, stoop, crouch, and crawl; can perform simple, routine, repetitive tasks in a low stress environment, defined as occasional decision-making required and occasional changes in the work-setting; and can only perform jobs that can be learned through demonstration with no written instructions. At step four, the ALJ concluded that Plaintiff would be unable to perform his past relevant work as an asbestos removal worker. However, at step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that he is not disabled under the Social Security Act.

## DISCUSSION

### I.  ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if he has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff

presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform his former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.     JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even

in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted).

The Seventh Circuit has made clear that ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053-54 (7th Cir. 2024) (citations omitted). All that is required is that "ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow . . . a reviewing court[] to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Id.* at 1054 (citations and internal quotations omitted). Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision

5

must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

## III.   ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ erred by not assessing the vocational impact of Plaintiff's diarrhea; (2) the ALJ erred in assessing Plaintiff's mental ability; and (3) the ALJ failed to properly assess Plaintiff's subjective symptoms.

In advancing his first argument, Plaintiff contends that the ALJ reversibly erred "when he did not assess the vocational impact of [Plaintiff's] diarrhea, specifically the vocational impact of the extra time needed for additional restroom breaks." ([17] at 4-5.) Pertinent to Plaintiff's assertion, as stated above, the ALJ determined in his decision that Plaintiff's severe impairments included irritable bowel syndrome and diverticulum of the small intestine. (R. 32.) In keeping with those findings, the ALJ noted that Plaintiff had diagnoses and surgeries for the gastrointestinal conditions and "report[ed] having abdominal pain with diarrhea or constipation at times." (*Id.* at 35.) The ALJ also noted Plaintiff's testimony that his diarrhea and constipation caused "the need to use the bathroom 8 to 10 times per day or every 2 to 3 days, respectively." (*Id.* at 34.) Despite this evidence, the ALJ did not provide any specific analysis of Plaintiff's asserted need for frequent bathroom breaks.

The Court agrees with Plaintiff that the ALJ erred by not fulsomely addressing Plaintiff's asserted need to use the bathroom and/or not providing any

6

work-related limitation accounting for the number of bathroom breaks Plaintiff would need to take throughout the workday. *See Jacob D. v. Kijakazi*, No. 20-cv-0554, 2021 U.S. Dist. LEXIS 156869, at *6 (N.D. Ill. Aug. 19, 2021) ("[T]he ALJ erroneously failed to account for any bathroom breaks Plaintiff would need."). The ALJ was required to specifically account for Plaintiff's testimony about his frequent bathroom breaks, which he did not do. *See Kelly Q. v. Kijakazi*, No. 18-CV-39998, 2022 U.S. Dist. LEXIS 95526, at *25 (N.D. Ill. May 27, 2022) ("Plaintiff also testified that she suffers 'bad days' up to seven times per month and requires 5-10 minutes for each bathroom break. . . . Yet, the ALJ failed to evaluate whether and to what extent Plaintiff's bathroom needs could impact her ability to perform her past work as a 911 dispatcher (or any other light work)."). To the extent Plaintiff's testimony and/or other record evidence supported the need for bathroom breaks, the ALJ was required to incorporate related limitations into the RFC, which he also did not do. *See Bay v. Berryhill*, No. 16 C 9525, 2018 U.S. Dist. LEXIS 13977, at *13 (N.D. Ill. Jan. 29, 2018) ("[T]he ALJ did not incorporate into the RFC Ms. Bay's testimony that she took an abnormal amount of bathroom breaks. . . . The ALJ's failure to consider how Ms. Bay's bathroom breaks could affect her RFC was error."); *Manker v. Berryhill*, No. 16 C 10704, 2017 U.S. Dist. LEXIS 211022, at *9 (N.D. Ill. Dec. 22, 2017) ("Despite this evidence and testimony [regarding Claimant's irritable bowel syndrome], the ALJ failed to account for Claimant's potential need to take such frequent and unscheduled breaks in formulating the

RFC or to further develop Claimant's testimony to determine the length of such bathroom breaks.").

Given the dearth of explicit analysis in his decision, it is unclear if the ALJ believed (despite the medical evidence and Plaintiff's testimony) that Plaintiff needed *zero* extra bathroom breaks because he suffered from *zero* problems with diarrhea throughout the day. The ALJ made no such specific finding and, of course, such a conclusion would be directly contrary to the determination that Plaintiff's irritable bowel syndrome constituted a severe impairment. Given that the ALJ did not explicitly find that the medical record supported that Plaintiff had no diarrhea, and since it cannot be reasonably disputed that Plaintiff had some diarrhea (and that diarrhea requires bathroom use), the ALJ was required to make some specific finding about the need for bathroom use. *See Wright v. Berryhill*, No. 1:14-CV-08163, 2017 U.S. Dist. LEXIS 21668, at *36-37 (N.D. Ill. Feb. 16, 2017) ("[T]he ALJ did not consider whether Claimant's constant need for bathroom breaks would create an unacceptable off-task time for sustainable employment."). Defendant argues that "the ALJ was under no obligation to uncritically accept plaintiff's claims" regarding his need for frequent bathroom use. ([22] at 3.) The Court agrees with that general proposition. However, though the ALJ was entitled to determine that Plaintiff exaggerated his bathroom usage, it was still incumbent on the ALJ to determine what bathroom break frequency and duration *was* supported by the record. *See Richard K. v. Saul*, No. 18 C 7316, 2020 WL 1986985, at *4 (N.D. Ill. Apr. 27, 2020) ("But even assuming that analysis amounted to a finding that

Plaintiff did not need to spend 20 minutes to an hour in the bathroom, the ALJ erred by not identifying what break duration *would* be supported by the record.") (emphasis in original, citations omitted).

To the extent the ALJ explicitly analyzed Plaintiff's gastrointestinal impairments (but not bathroom usage specifically) at all, he stated in his decision that "severely limiting restrictions" were not supported by the "longitudinal record" and "recent diagnostic testing showed no abnormality." (R. 35; *see also id.* at 38 ("recent diagnostic testing revealed unremarkable findings").) However, as Plaintiff points out, this is factual error because CT results demonstrated abnormal findings of dilated fluid-filled loops of the small bowel, decompressed small bowel loops, anastomotic sutures, and mesenteric edematous. ([17] at 7.) For his part, Defendant concedes – as he must – that "a later scan did show abnormalities" and "plaintiff is correct that a second CT scan showed dilated small bowel loops." ([22] at 3.) As such, it is apparent that the underpinning of the ALJ's only real analysis concerning Plaintiff's gastrointestinal issues is demonstrably erroneous.

Ultimately, the ALJ's failure to sufficiently account for Plaintiff's irritable bowel syndrome, diarrhea, and necessary bathroom breaks requires that this matter be remanded. *See Sikorski v. Berryhill*, 690 F. App'x 429, 430 (7th Cir. 2017) ("[T]he ALJ did not make sufficient factual findings about the length of time that Sikorski, who struggled with diarrhea as a result of her Crohn's disease, needed for bathroom visits. Because we cannot evaluate whether the ALJ accounted for all of the necessary limitations on her ability to work, we reverse and remand for further

9

proceedings."); *Manker*, 2017 U.S. Dist. LEXIS 211022 at *10 ("[T]he ALJ's failure to determine the frequency and duration of Claimant's required bathroom breaks and the practical workday limitations resulting therefrom is an error requiring remand.") (citations omitted); *Stanley R. v. Saul*, No. 20-cv-1192, 2021 U.S. Dist. LEXIS 116184, at *12 (N.D. Ill. June 22, 2021) ("On remand the ALJ should take care to more fully develop the record to determine whether and, if so, how the specific frequency and duration of Plaintiff's bowel movements would interfere with his ability to work.").

Finally, the Court addresses several arguments raised by Defendant. In his brief, Defendant asserts that: (1) "the ALJ correctly pointed out that plaintiff had never made [allegations regarding bathroom breaks] to doctors" ([22] at 1); (2) "the ALJ discussed [that] plaintiff described stomach pain but did not describe significant and repeated bathroom use with his physicians" (*id.* at 2); and (3) "the ALJ . . . pointed out that plaintiff did not consistently allege significant bathroom use to doctors" (*id.* at 4). In actuality, the ALJ's decision contains no such discussions. Defendant's *post hoc* (and incorrect) assertions amount to flagrant attempts to bypass the *Chenery* doctrine. *See Jones v. Dudek*, 134 F.4th 991, 998 (7th Cir. 2025) ("The *Chenery* doctrine bars the Commissioner 'from relying at this stage on a rationale' that he did not use during the administrative process."); *Kennedy v. Kijakazi*, No. 22-2258, 2023 WL 1990303, at *2 (7th Cir. Feb. 14, 2023) ("Courts are limited to reviewing only the reasons provided by the agency at the time of the decision."); *Lothridge v. Saul*, 984 F.3d 1227, 1234–35 (7th Cir. 2021)

10

("[T]his attempt to supply a post-hoc rationale for the ALJ's decisive findings runs contrary to the *Chenery* doctrine."). Moreover, and in any event, Plaintiff correctly points out that, in actuality, Plaintiff repeatedly reported diarrhea to providers and five treating and specialist providers repeatedly documented Plaintiff's frequent diarrhea. ([23] at 1.) It goes without saying that if an individual suffers from frequent diarrhea he will need to take frequent bathroom breaks.

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that Plaintiff's mental ability is properly evaluated and Plaintiff's subjective symptoms are properly assessed.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to reverse the Commissioner's decision [17] is granted in part, and the Commissioner's cross-motion for summary judgment [22] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**                              **ENTERED:**

**DATE:**     **June 26, 2026**        _____

**HON. DANIEL P. McLAUGHLIN**
**United States Magistrate Judge**

12